822 F.2d 55
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lester R. BURDETTE, Petitioner,
v.
UNITED STATES DEPARTMENT OF LABOR BENEFITS REVIEW BOARD, Respondent.
 No. 85-2290.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 10, 1986.
Decided June 22, 1987.
 
 Before SPROUSE, ERVIN and CHAPMAN, Circuit Judges.
 Brian C. Wilson (McMehan & Blackwell, on brief), for petitioner.
 Ronald G. Ray, U.S. Department of Labor, Office of the Solicitor (George R. Salem, Deputy Solicitor; Donald S. Shire, Associate Solicitor; J. Michael O'Neill, Counsel for Appellate Litigation, on brief), for respondent.
 PER CURIAM:
 
 
 1
 Lester R. Burdette filed a claim for benefits under the Black Lung Benefits Reform Act, 30 U.S.C. Sec. 901 et seq. in 1976. A formal hearing eventually was held by an administrative law judge in December 1980. The parties stipulated that Burdette had pneumoconiosis arising out of his coal mine employment. 20 C.F.R. Sec. 727.203(a). The ALJ found, however, that the employer produced sufficient evidence to rebut the interim presumption of total pneumoconiosis disability under 20 C.F.R. Sec. 727-203(b)(2).[1] Burdette appealed to the Benefits Review Board. The Board affirmed the ALJ's denial of benefits.
 
 
 2
 Burdette worked as a coal miner for approximately 26 years. Medical evidence of record consisted of chest x-rays, reports of ventilatory function, blood gas studies, and the reports of four physicians. Although the medical findings suggest that Burdette is totally disabled by Buerger's disease--a disease that affects the blood vessels in the extremities but does not impair pulmonary function or arise out of coal mine employment, the physicians all reported that he has only minimal respiratory impairment. The physicians concluded that Burdette would have been capable of performing his usual coal mine work or comparable and gainful employment except for the disability caused by Buerger's disease.
 
 
 3
 We agree with the Review Board that this comprises substantial evidence supporting the ALJ's finding that Burdette is not totally disabled due to pneumoconiosis. While there is some question whether an employer can rebut the interim presumption under 20 C.F.R. Sec. 727.203(b)(2) by demonstrating that the total disability was not due to pneumoconiosis, there is no question that an employer can use such evidence to rebut under 20 C.F.R. Sec. 727.203(b)(3).[2] The judgment of the Review Board is therefore affirmed.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 20 C.F.R. Sec. 727.203(b)(2) provides that the interim presumption of total disability is rebutted when "[i]n light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work."
 
 
 [2]
 20 C.F.R. Sec. 727.203(b)(3) provides that the interim presumption of total disability is rebutted when "[t]he evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment."